IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TYLER ALLEN LOFALL, | Case No. 3:24-cv-00839-SB |
| Plaintiff, | **ORDER** |
| v. | |
| STATE OF OREGON *et al.*, | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Tyler Allen Lofall ("Lofall"), a self-represented litigant, filed this action against Defendants State of Oregon, County of Clackamas, Clackamas County Police Department, John Doe Officer 1, and John Doe Officer 2 (together, "Defendants").

Before the Court is Lofall's application to proceed *in forma pauperis* (ECF No. 1) and motion for appointment of *pro bono* counsel (ECF No. 4). The Court's review of Lofall's *in forma pauperis* application reveals that Lofall is unable to afford the filing fee. The Court therefore grants Lofall's application to proceed *in forma pauperis*. For the reasons explained below, however, the Court orders Lofall to show cause in writing why the Court should not

PAGE 1 – ORDER

dismiss his claims for failure to state a claim and denies Lofall's motion for appointment of *pro bono* counsel.

## DISCUSSION

### I. LEGAL STANDARDS

#### A. Screening Requirement

A district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (explaining that § 1915(e)(2)(B) applies to non-prisoners; *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) (stating that courts are "required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*") (citation omitted).

#### B. Pleading Requirements

The Federal Rules of Civil Procedure require a plaintiff to state "a short and plain statement" in a complaint showing that she is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). To state a claim for relief, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

///

///

PAGE 2 – ORDER

### C. Self-Represented Litigants

"Pro se pleadings are held to a less stringent standard than those drafted by lawyers." *Graves v. Nw. Priority Credit Union*, No. 3:20-cv-00770-JR, 2020 WL 8085140, at *2 (D. Or. Dec. 12, 2020) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "In cases involving a [self-represented] plaintiff, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt." *Kali v. Bulk Handling Sys.*, No. 6:18-cv-02010-AA, 2019 WL 1810966, at *4 (D. Or. Apr. 23, 2019) (citing *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004)).

"The court, in many circumstances, instructs the [self-represented] litigant regarding deficiencies in the complaint and grants leave to amend." *Graves*, 2020 WL 8085140, at *2 (citing *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987)). "Nevertheless, a [self-represented] plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle [the plaintiff] to relief." *Id.* (citing *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008)).

## II. LOFALL'S COMPLAINT

Lofall alleges that two officers—John Doe Officer 1 and John Doe Officer 2—arrested him in a parking lot on May 24, 2022. (Compl. ¶ 9, ECF No. 2.) He asserts that he had just been released from jail on bail "for the same issue for which he was . . . re-arrested[.]" (*Id.* ¶ 10.)

At the time of his arrest, he was driving his friend's car. (*Id.* ¶¶ 11, 13.) He told the arresting officers not to leave the car with other individuals who were present. (*Id.* ¶ 11.) The officers disregarded his directions, did not secure Lofall's property, and gave the other individuals the keys to the car. (*Id.* ¶¶ 12, 14.) According to Lofall, those people stole the car. (*Id.* ¶ 13.) Lofall also alleges that the officers' actions resulted in the "loss of [Lofall]'s valuable materials and tools, which were left at [his] friend's house[.]" (*Id.*)

///

Lofall alleges claims of negligence, "deprivation of property under 42 U.S.C. § 1983," civil theft or conversion, "violation of civil rights," and intentional infliction of emotional distress. (*Id.* at 4-6.) Lofall seeks damages and injunctive relief.[1] (*Id.* at 7.)

## III.   ORDER TO SHOW CAUSE

### A.   Eleventh Amendment

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 permits suit against "persons," which the U.S. Supreme Court has construed to mean "state officials sued in their individual capacities[.]" *Hafer v. Melo*, 502 U.S. 21, 23 (1991). The state and its agencies "are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Similarly, "[e]ven though the Oregon Tort Claims Act is a waiver of sovereign immunity, it does not waive Eleventh Amendment immunity." *Olson v. Allen*, No. 3:18-cv-001208-SB, 2019 WL 1232834, at *5 n.3 (D. Or. Mar. 15, 2019) (quoting *Ross v. Shelton*, No. 2:18-cv-00045-YY, 2019 WL 846043, at *7 (D. Or. Feb. 21, 2019)).

Lofall has not alleged that the State of Oregon has waived its Eleventh Amendment immunity or otherwise demonstrated that the State has consented to be sued in federal court. Accordingly, the Eleventh Amendment bars Lofall's claims against the State of Oregon. *See Marshall v. California*, No. 3:24-cv-00196-AR, 2024 WL 474851, at *4 (D. Or. Feb. 7, 2024)

---

[1] Lofall attaches a pro se complaint form, which appears to be related to a different case, *Lofall v. County of Clackamas*, 3:24-cv-00838-SB. (Compl. at 8-13.)

PAGE 4 – ORDER

(ordering the plaintiff, who named the State of California as a defendant, to file an amended complaint at screening in light of the Eleventh Amendment).

B.  **Section 1983 Claims Against the Clackamas County Police Department**

Police departments are often "merely the vehicle through which [a] city fulfills its police functions[,]" not "a separate entity from the [c]ity . . . [that is] amenable to suit [under § 1983]." *Shore v. City of Portland*, No. 3:17-cv-01519-YY, 2018 WL 3469037, at *2 (D. Or. May 21, 2018) (quoting *Nwerem v. City of Portland/Portland Police Bureau*, No. 3:06-cv-1054-MO, 2006 WL 3228775, at *2 n.1 (D. Or. Nov. 6, 2006) and collecting cases); *see also Clark v. Milwaukie Police Dep't*, No. 3:22-cv-00662-SB, 2022 WL 4473487, at *3 n.2 (D. Or. Sept. 15, 2022) (noting that the parties had not addressed whether the police department was a separate entity from the city), *findings and recommendation adopted*, 2022 WL 4466942 (D. Or. Sept. 26, 2022); *Haliburton v. City of Albany Police Dep't*, No. 3:04-cv-06062-KI, 2005 WL 2655416, at *2-3 (D. Or. Oct. 18, 2005) ("[The plaintiff] has not made a showing that the City of Albany intended to create a separate legal entity when it formed the Police Department. Typically, the city itself is sued and not the police department.").

Lofall has properly named Clackamas County and John Doe Officers 1 and 2 as defendants. However, Lofall has not alleged that the Clackamas County Police Department is a separate legal entity subject to suit or a proper defendant under Section 1983. *See Villanueva v. City of Visalia*, No. 1:23-cv-00757-JLT-BAM, 2024 WL 1257214, at *1-2 (E.D. Cal. Mar. 25, 2024) (dismissing the municipal police department as a defendant); *Dodds v. City of Eugene*, No. 6:23-cv-00092-AA, 2023 WL 7166557, at *3 (D. Or. Oct. 31, 2023) (explaining at screening that "[i]f plaintiff wants to sue the Eugene Police Department as a whole, in addition to the individual officers, the proper defendant he must name is the City of Eugene"); *Mecautea v. Oregon*, No. 3:19-cv-01864-MO, 2020 WL 1812012, at *2 (D. Or. Apr. 9, 2020) (dismissing the sheriff's and

PAGE 5 – ORDER

police departments as defendants and explaining that "[w]hile individual state actors, local government units, or municipalities can be sued under Section 1983, sheriff or police departments are generally not considered suable entities").

### C. Fourteenth Amendment

Lofall alleges that Defendants deprived him of his property in violation of the Fourteenth Amendment's Due Process Clause. (Compl. at 5.)

"[W]hen deprivations of property are effected through random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable' since the state cannot know when such deprivations will occur." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Accordingly, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.*

Here, Lofall has not alleged that the officers deprived him of his property pursuant to police policy, and the facts alleged do not suggest that "the state could have anticipated the officers' actions." *Rodriguez v. Cain*, No. 2:19-cv-00087-AR, 2024 WL 1016058, at *4 (D. Or. Mar. 8, 2024). Further, the State of Oregon provided Lofall with an adequate post-deprivation remedy—a state tort action. *Id.* at *5 (explaining that "[o]ther courts in this district have concluded that the [Oregon Tort Claims Act] is an adequate post-deprivation remedy for claims of unauthorized, intentional deprivations of property" and collecting cases).

Accordingly, Lofall has failed to state a Fourteenth Amendment procedural due process claim.[2] *See Evans v. Gower*, No. 2:17-cv-01162-MK, 2022 WL 3226968, at *12 (D. Or. Aug. 10,

---

[2] Further, Lofall has not alleged facts suggesting that he has standing to challenge the loss of his friend's car and has not alleged sufficient factual matter to demonstrate a causal connection between Defendants' actions and the loss of his tools from his friend's house.

2022) ("Here, because the Oregon Tort Claims Act provides an adequate post-deprivation remedy, Plaintiff fails to state a due process claim for his lost or damaged property."); *Dunbar v. Alameda Cnty. Sheriff's Off.*, No. 19-cv-7703 WHA (PR), 2020 WL 2524136, at *1 (N.D. Cal. May 15, 2020) ("Plaintiff's claim against [the defendant] for the destruction of property is not cognizable because neither the negligent nor intentional deprivation of property states a due process claim under § 1983 where, as alleged here, state law did not authorize the deprivation.") (citations omitted).

        **D.**      **Violation of Civil Rights**

Lofall has alleged generally that Defendants violated his civil rights (Compl. at 6) but has not otherwise specified what violation he believes occurred.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988) (citations omitted). Lofall's allegation of a general civil rights violation is too vague to state a claim. *See Calderon v. Covello*, No. 2:23-cv-1974 DB P, 2023 WL 7168471, at *3 (E.D. Cal. Oct. 31, 2023) ("Plaintiff has stated that his rights have been violated, but the complaint does not contain any facts explaining what acts, or failure to act, defendants took that resulted in the alleged rights violation."). To the extent that he suggests that his second arrest was a civil rights violation, he has failed to plead sufficient factual matter to state a plausible claim for relief. *See Grant v. State of Or.*, No. 3:21-cv-01588-SB, 2022 WL 2910015, at *6 (D. Or. June 15, 2022) ("If [the plaintiff] wishes to pursue false arrest or search-related claims, he must include far more detailed allegations about the circumstances of his arrest and the search."), *findings and recommendation adopted*, 2022 WL 2904396 (D. Or. July 22, 2022).

///

PAGE 7 – ORDER

### E. Oregon Tort Claims Act

Lofall alleges state law claims of negligence, conversion, and intentional infliction of emotional distress. (Compl. at 4-6.) However, Lofall has not pled timely notice under the Oregon Tort Claims Act ("OTCA"). *See* OR. REV. STAT. § 30.275 (providing that "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section" and explaining that a plaintiff must give notice within 180 days of the alleged loss); *Wilson v. Dep't of Hum. Servs.*, No. 3:20-cv-1819-JR, 2021 WL 6618288, at *2-3 (D. Or. Nov. 4, 2021) (dismissing claims for failure to plead timely notice under the OTCA), *findings and recommendation adopted*, 2022 WL 180233 (D. Or. Jan. 20, 2022); *Auchenbach v. Cnty. of Madera*, No. 1:16-cv-01645-DAD-SKO, 2017 WL 1272365, at *5 (E.D. Cal. Feb. 3, 2017) (dismissing intentional infliction of emotional distress claim at screening for failure to comply with the tort claims act notice requirement); *Harris v. City of Portland Police Dep't*, No. 3:15-cv-00853-HZ, 2016 WL 890927, at *3 (D. Or. Mar. 8, 2016) ("[F]ailure to plead that notice of claims was given in accordance with the OTCA subjects a complaint to dismissal." (citing *Halseth v. Deines*, No. 3:04-cv-00196-AS, 2004 WL 1919994, at *3 (D. Or. Aug. 26, 2004))).

### IV. MOTION FOR APPOINTMENT OF COUNSEL

"A court may, in its discretion, appoint counsel to represent indigent civil litigants when 'exceptional circumstances' are present." *Moret v. Oregon*, No. 6:20-cv-1757-MO, 2022 WL 88756, at *1 (D. Or. Jan. 5, 2022) (quoting *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)). "A finding of the exceptional circumstances . . . requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman v. Corr. Corp. of Am.*,

390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this juncture, Lofall's case does not present exceptional circumstances warranting the appointment of counsel because Lofall is unlikely to succeed on the merits of his claims and he has been able to articulate his claims in light of the complexity of the issued involved. Therefore, the Court denies Lofall's motion for appointment of counsel. *See, e.g.*, *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) ("In the instant case, there are no exceptional circumstances, because [the plaintiff] is unlikely to succeed on the merits, and [he] has been able to articulate his legal claims in light of the complexity of the issues involved. Therefore, we affirm the district court's denial of [the plaintiff's] request for counsel."); *Camirand v. Jones*, No. 2:19-cv-01829-YY, 2020 WL 1277693, at *3 (D. Or. Mar. 17, 2020) (denying the plaintiff's motions for appointment of counsel "[b]ecause Plaintiff has not established extraordinary circumstances warranting the appointment of counsel at this juncture").

## CONCLUSION

The Court GRANTS Lofall's application for leave to proceed *in forma pauperis* (ECF No. 1) but the Clerk should not yet issue process because the Court ORDERS Lofall to show cause in writing on or before July 8, 2024, why the Court should not dismiss his complaint for failure to state a claim. Alternatively, Lofall may file an amended complaint by July 8, 2024, curing the deficiencies identified herein. The Court DENIES Lofall's motion for appointment of counsel. (ECF No. 4.)

DATED this 10th day of June, 2024.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge