IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TYLER ALLEN LOFALL,                                     Case No. 3:24-cv-00839-SB

              Plaintiff,                          **OPINION AND ORDER**

     v.

CLACKAMAS COUNTY *et al.*,

              Defendants.

**BECKERMAN, U.S. Magistrate Judge.**

      Plaintiff Tyler Allen Lofall ("Lofall"), a self-represented litigant, filed this action against

Defendants Clackamas County, Clackamas County Sheriff's Office, Clackamas County Jail,

unnamed Clackamas County Sheriff's deputies (together, "County Defendants"), West Linn

Police Department ("WLPD"), West Linn Police Officer Catlin Blyth ("Blyth"), West Linn

Police Officer Dana Gunnarson ("Gunnarson"), and Deputy District Attorney Rebecca Portlock

("Portlock") (all together, "Defendants").

      Now before the Court are Defendants' motions to dismiss Lofall's Second Amended

Complaint. The Court has jurisdiction over Lofall's claims pursuant to 28 U.S.C. §§ 1331 and

1367, and all parties have consented to the jurisdiction of a magistrate judge pursuant to 28

U.S.C. § 636. For the reasons explained below, the Court grants Defendants' motions.

**BACKGROUND**

## I.     FACTUAL BACKGROUND

The claims in Lofall's SAC arise from his arrest, incarceration, and prosecution relating

to conflicts with a woman named "Macy." (*See generally* Second Am. Compl. ("SAC"), ECF

No. 17.) Specifically, on March 4, 2022, WLPD officers responded to a call regarding a dispute

between Macy and Lofall at Macy's house. (*Id.* at 21-22.) Lofall alleges that the responding

officers left the scene without taking action despite evidence that Macy was threatening Lofall

and his property. (*Id.*) Lofall contacted WLPD multiple times over the course of the next few

days relating to Macy's continued threats and violence toward him and his property. (*Id.* at 23-

24.)

On March 6, 2022, Blyth and Gunnarson responded to another call regarding a dispute

between Macy and Lofall at Macy's house. (*Id.* at 24.) "Within eight minutes of their arrival,

without conducting a thorough investigation or establishing probable cause," Blyth and

Gunnarson "arrested [Lofall] on allegations of harassment." (*Id.* at 24-25.) Lofall alleges that the

officers then proceeded to twist Lofall's words, ignore or suppress exculpatory evidence, and

misrepresent the facts in their police reports, which resulted in Lofall being detained in the

Clackamas County Jail and prosecuted for crimes he did not commit. (*Id.* at 25-29.) Lofall

alleges that while in jail, officials denied him medical care and sabotaged his legal files in an

effort to interfere with his ability to defend himself against the criminal charges or timely pursue

an unrelated civil claim. (*Id.* at 8, 31.)

Lofall alleges that throughout the state criminal proceeding, "there was clear evidence of

systemic misconduct by judiciary and state officials[,]" including collusion between Portlock and

Lofall's court-appointed public defender. (*Id.* at 33.) Ultimately, the day before his criminal trial, Portlock dismissed the charges against Lofall. (*Id.* at 36.) "As a result of the wrongful arrest, prolonged detention, and ongoing harassment, [Lofall] has suffered significant financial losses, property damage, emotional distress, and professional setbacks." (*Id.*)

## II.    PROCEDURAL BACKGROUND

On November 18, 2022, Lofall filed a complaint in the Clackamas County Circuit Court asserting several claims against Defendants and others based on the same underlying events at issue in this case.[1] (*See* Compl., *Lofall v. County of Clackamas et al.*, No. 22CV39627 ("State Case") (Or. Cir. Ct. filed Nov. 18, 2022); *see also* Pl.'s Mot. Guidance Stay Pending St. Ct. Proceedings ("Mot. Guidance") at 8, "*Lofall v. West Linn, et al.*, which arises from substantially identical facts and legal issues concerning the same underlying events of false arrest and malicious prosecution by some of the same defendants named in the federal action, as well as the additional defendants that flat out refused to be summoned two years prior, however they absolutely were put on notice and served[,]" ECF No. 21.) In 2023, the state court dismissed the "non-appearing defendant[s,]" including the County Defendants and Portlock, from Lofall's state case for failure to prosecute. (*See* Limited J. Dismissal, State Case (Or. Cir. Ct. filed Apr. 11, 2023); Limited J. Dismissal, State Case (Or. Cir. Ct. filed May 11, 2023).)

On May 23, 2024, shortly before the trial in his state case was set to begin, Lofall attempted to remove his state case to federal court. (*See Lofall v. County of Clackamas et al. ("Lofall I")*, No. 3:24-cv-00838-SB, Notice of Removal, ECF No. 2.) The Court sua sponte remanded the case to Clackamas County Circuit Court on June 4, 2024, on the ground that "[t]he

---

[1] Courts may take judicial notice of court materials. *See Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1186 n.2 (9th Cir. 2024) (granting request to take judicial notice of a state court docket); Fed. R. Evid. 201(c)(1) ("The court . . . may take judicial notice on its own[.]").

right to remove a state court case to federal court is clearly limited to defendants." (Order to Remand, *Lofall I*, citing *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co. ("AIU")*, 843 F.2d 1253, 1260 (9th Cir. 1988), ECF No. 6.) Lofall's attempted removal to federal court resulted in the cancelation of the trial in his state case. (*See* County's Mot. at 3-4.)

Also on May 23, 2024, Lofall separately filed this federal action. (*See generally* Compl., ECF No. 2.) In his original complaint, Lofall asserted claims for negligence, intentional infliction of emotional distress, theft, and constitutional violations against the State of Oregon, Clackamas County, Clackamas County Police Department, and John Doe Officers 1 and 2, relating to his arrest on May 24, 2022, by unnamed Clackamas County Sheriff's deputies. (*See id.*)

In a screening order, the Court dismissed Lofall's "claims against the State of Oregon with prejudice and [dismissed] the remainder of Lofall's claims [for failure to state a claim] with leave to amend within thirty days." (ECF No. 9; *see also* ECF No. 12, order adopting the Court's Findings and Recommendation ("F&R")). In the F&R, the Court noted that "Lofall raise[d] new claims based on events described in his declaration," which were "not part of [his] current complaint and the Court w[ould] consider those claims only if Lofall elect[ed] to include them in an amended complaint." (ECF No. 9 at 9 n.3.) The Court further noted that "Lofall ha[d] an ongoing state court case related to those events (*see* Clackamas County Circuit Court No. 22CV39627), and therefore the *Younger* abstention doctrine (which bars a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances) and the *Rooker-Feldman* doctrine (which bars a federal court from hearing a direct appeal from the final judgment of a state court) w[ould] likely bar [his] claims relating to his pending state case." (*Id.*)

On September 9, 2024, Lofall filed a first amended complaint in this case asserting nine claims, including eight constitutional claims and one "intentional interference with contractual

relations" claim, against Defendants. (First Am. Compl. ("FAC") at 42, ECF No. 13.) Lofall also filed with his FAC nearly 2,000 pages of exhibits. (*See* ECF No. 15.) The Court instructed the parties that it would perform a "preliminary screening of the first amended complaint" and that "Plaintiff shall not further amend his complaint, nor file any additional documents in support of the first amended complaint, without leave of court." (ECF No. 16.) Nevertheless, on October 9, 2024, Lofall filed his SAC asserting twelve claims, including eleven constitutional claims and one intentional interference with contractual relations claim, against Defendants. (*See* SAC at 49-71.) On February 3, 2025, the Court instructed the Clerk of Court to issue a notice of lawsuit and request for waiver of service of summons to each of the defendants. (*See* ECF Nos. 19, 20.)

On February 7, 2025, Lofall filed a "Motion for Guidance for a Stay of Pending State Court Proceedings" in which he informed the Court that he had notified the County Defendants' counsel of his intention to dismiss or stay his state court action and requested guidance regarding how to pursue his claims in federal court based on perceived bias in the state court proceedings. (*See* Mot. Guidance at 2-4.) On February 13, 2025, before the Court responded to Lofall's motion for guidance, Lofall filed a motion to dismiss his state case without prejudice. (*See* Pl.'s Mot. Dismiss Without Prejudice, State Case (Or. Cir. Ct. filed Feb. 13, 2025).) On March 6, 2025, the Clackamas County Circuit Court entered a judgment dismissing Lofall's state case without prejudice. (*See* State Case (Or. Cir. Ct. filed Mar. 6, 2025).) On March 24, 2025, in light of Lofall's decision to dismiss his state court case before the Court resolved his motion for guidance, the Court denied Lofall's motion as moot. (*See* ECF No. 29.)

Defendants filed three separate motions to dismiss. The County Defendants move to dismiss Lofall's relevant claims on the grounds that Lofall filed the SAC without leave from the Court, his federal action is an impermissible attempt to remove his state court action, the statute

of limitations bars his claims, and he fails sufficiently to plead facts to state a claim upon which relief can be granted. (*See generally* Mot. Dismiss ("County Mot."), ECF No. 34.) WLPD, Blyth, and Gunnarson (together, "City Defendants") move to dismiss Lofall's relevant claims on the grounds that Lofall filed the SAC without leave from the Court, the statute of limitations bars his claims, and Lofall fails sufficiently to plead facts to state a claim upon which relief can be granted.[2] (*See generally* Mot. Dismiss Failure State Claim ("City Mot."), ECF No. 36.) Portlock moves to dismiss Lofall's relevant claims on the grounds that the statute of limitations bars his claims, and she is entitled to absolute prosecutorial immunity. (*See generally* Mot. Dismiss, ECF No. 37.)

## DISCUSSION

## I. LEGAL STANDARDS

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014); *see also Dalfio v. Orlansky-Wax, LLC*, No. 21-56339, 2022 WL 3083323, at *1 (9th Cir. Aug. 3, 2022) ("To contest a plaintiff's showing of subject matter jurisdiction, a defendant may file two types of Rule 12(b)(1) motions[.]"). Specifically, a defendant's "Rule 12(b)(1) jurisdictional [challenges] can be either facial or factual." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1028 (9th Cir. 2023) (quoting *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

---

[2] In addition, the "City Defendants incorporate by reference and join in [the County Defendants'] motion to dismiss (ECF No. 34) to the extent it is applicable to claims against [the] City Defendants, specifically, but not limited to [the] County Defendants' arguments that Plaintiff's Second Amended Complaint must be dismissed on the grounds that it is repetitive and constitutes an impermissible attempt to remove his (now dismissed) state court case." (City Mot. at 2.)

The Ninth Circuit has "distinguish[ed] between 'facial' and 'factual' challenges to jurisdictional allegations in a complaint[,]" *Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1056 n.1 (9th Cir. 2023) (quoting *Leite*, 749 F.3d at 1121), explaining that a facial challenge "accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1142 n.6 (9th Cir. 2024) (quoting *Leite*, 749 F.3d at 1121). Where, as here, the defendant asserts a facial challenge to jurisdiction,[3] a district court evaluates that challenge under the "familiar Rule 12(b)(6) standard." *Id.* at 1143 n.7 (citing *Leite*, 749 F.3d at 1121).

## II.    ANALYSIS

Defendants move to dismiss Lofall's claims on the ground that the Court lacks subject matter jurisdiction because Lofall "elected to proceed against Defendants in Oregon state court, and . . . [he] cannot undermine the limited removal authority in [28 U.S.C. §] 1441 by now filing a 'repetitive lawsuit.'" (County Mot. at 10, quoting 28 U.S.C. § 1441 ("Section 1441"); *see also* City Mot. at 2, "City Defendants incorporate by reference and join in [the County Defendants'] motion to dismiss to the extent it is applicable to claims against City Defendants, specifically, . . . that Plaintiff's Second Amended Complaint must be dismissed on the grounds that it is repetitive and constitutes an impermissible attempt to remove his (now dismissed) state court case.")

Lofall responds that his "state case was systematically obstructed, never reaching adjudication on the merits, and the present federal action represents his constitutional right to seek vindication of federal rights in a federal forum." (Counter Mem. Supp. Pl.'s Opp'n Mots. Dismiss ("Pl.'s Resp.") at 15, ECF No. 38.)

---

[3] In light of Defendants' reliance on the Court's docket and other judicially noticeable materials in support of the Rule 12(b)(1) motion, the Court interprets the jurisdictional challenge as a facial challenge.

A.    **Applicable Law**

"The right to remove a state court case to federal court is clearly limited to defendants." *AIU*, 843 F.2d at 1260 (citing 28 U.S.C. § 1441). The "codification[] of the removal statute . . . reflect[s] a Congressional intent that a plaintiff should not be permitted to alter the forum that it selects to litigate its claim against a particular defendant." *Id.* Thus, "[a] plaintiff who commences his action in a state court cannot effectuate removal to a federal court even if he could have originated the action in a federal court[.]" *Id.* (quoting *Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972)).

"The Ninth Circuit has also held that Section 1441(a) bars a plaintiff from commencing a new federal action 'based on the same facts and claims as the first suit'" because "[s]uch a 'repetitive lawsuit' seeks an end-run around the removal statute and is [therefore] subject to dismissal." *Protective Ins. Co. v. Iriana Ins. Servs., Inc.*, No. 2:20-cv-07216, 2021 WL 8651845, at *6 (C.D. Cal. May 19, 2021) (quoting *AIU*, 843 F.2d at 1260-61); *see also In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 376 (9th Cir. 1995) ("[A] plaintiff may not file a lawsuit in state court and then file the same lawsuit in federal court" because "[f]iling the 'repetitive lawsuit' . . . [would] circumvent the federal removal statute, [Section] 1441, which does not grant a right of removal to plaintiffs." (citing *AIU*, 843 F.2d at 1260-61)). Thus, the Ninth Circuit has instructed that "[h]aving elected state court, plaintiff should be bound by its choice absent compelling reasons to seek relief in another forum." *AIU*, 843 F.2d at 1261 (citation omitted). The parties have not identified, nor has the Court found, any case defining or analyzing "compelling reasons" that would justify allowing a repetitive lawsuit to proceed in federal court in circumvention of the removal statute.

///

///

B.      Analysis

Lofall does not dispute that this case is based on the same facts and claims as his

recently-dismissed state case. (*See* Mot. Guidance at 8, "*Lofall v. West Linn, et al.*, which arises

from substantially identical facts and legal issues concerning the same underlying events of false

arrest and malicious prosecution by some of the same defendants named in the federal action, as

well as the additional defendants that flat out refused to be summoned two years prior, however

they absolutely were put on notice and served.")

The Court finds that this federal action is a "'repetitive lawsuit' . . . subject to dismissal

absent compelling reasons to seek relief in another forum." *Protective Ins. Co.*, 2021 WL

8651845, at *6 (first quoting *AIU*, 843 F.2d at 1261; and then quoting *Transplace Int'l, Inc. v.*

*Motorcar Parts of Am.*, No. 2:14-cv-07928, 2015 WL 13285088, at *6 (C.D. Cal. Feb. 6, 2015));

*see also Puckett v. New Day Broadband, LLC*, No. 2:12-cv-01958, 2013 WL 4786380, at *3 (D.

Nev. Sept. 5, 2013) ("[M]inor distinctions do not preclude a finding that the instant action and

the . . . state court action are parallel proceedings. . . . Therefore, the Court finds that this is a

'repetitive lawsuit'—a parallel action brought by the same plaintiff in a second forum.' As such,

Plaintiffs 'should not be permitted to accomplish, by the *refiling* of its state court complaint,

what would clearly be prohibited if [Plaintiffs] tried to *remove*.'" (first citing *Nakash v.*

*Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); and then quoting *AIU*, 843 F.2d at 1260-61)).

Lofall argues that "extraordinary circumstances" surrounding this case, including his self-

represented status, "significant visual disability[,]" and "allegations implicating fundamental

constitutional rights . . . warrant maximum procedural flexibility." (*Id.* at 15, 32.) Lofall further

argues that Defendants' misconduct, including perceived "judicial corruption" in his state case,

justifies applying "the well-established doctrines of equitable tolling, fraudulent concealment,

continuing violations, and relation back[.]" (*Id.* at 15.) Lofall claims that he "was unable to file

his claim directly in Federal Court due to a total loss of property while falsely arrested, including his ID and consequent access to the Federal Court." (Mot. Guidance at 7.)

To the extent Lofall argues that his status as a self-represented plaintiff or his alleged disability constitute sufficiently "compelling reasons" to justify allowing him to circumvent the removal statute, the Court disagrees. Specifically, in November 2022, Lofall filed a 130-page complaint in state court in which he asserted constitutional claims against the same defendants. (*See* Compl., State Case (Or. Cir. Ct. filed Nov. 22, 2022).) Lofall has demonstrated his ability to overcome any limitations that his self-represented status and alleged disability might pose.[4]

With respect to Lofall's argument that "judicial corruption" in state court is a compelling reason to allow him to proceed in federal court, Lofall's allegations relate to conduct that primarily occurred during Lofall's criminal case, not his recently-dismissed civil case against Defendants. (*See* SAC at 33-34, alleging "judicial corruption" and "systemic judicial and state misconduct[.]") In his motion for guidance, Lofall suggests that the alleged misconduct during his criminal case and adverse rulings in his civil case "demonstrate[] that any trial conducted in Clackamas County would be fundamentally unfair." (Mot. Guidance at 10; *see also id.* at 4, "[D]espite serving Clackamas County Sheriffs Dept, and the Jail multiple times prior to the 180 day deadline, the court refused to enforce the non-compliance. Moreover, . . . a DA in Washington County, defending the West Linn Defendants, received favoritism with untrue legal arguments at every pass. Consequentially, Lofall had all of his state claims dismissed for what appears to be Judicial Corruption from Clackamas County Judges again.") Aside from adverse

---

[4] To the extent Lofall argues that Defendants confiscated his identification card which prevented him from accessing the federal courthouse to file his case in federal court, the Court's website provides publicly available information that makes clear that plaintiffs "may file a complaint in person or by mail." *See* U.S. Dist. Ct. for the Dist. of Or., *Handbook for Self-Represented Parties*, at 10 (2025), https://perma.cc/374N-CPH7.

rulings, Lofall fails to describe any grounds to support a finding that the Clackamas County

Circuit Court would be an unfair venue to litigate his civil claims. *See In re Complaint of Jud.*

*Misconduct*, 650 F.3d 1370, 1371 (9th Cir. 2011) ("[A]dverse rulings do not prove bias or

conspiracy.") (citation omitted).

In addition, allowing Lofall to circumvent the removal statute to avoid a trial in state

court after that court presided over his case from 2022 until 2025 is precisely the scenario the

Ninth Circuit sought to avoid with its guidance in *AIU*. As discussed, the Ninth Circuit instructed

that a plaintiff "should not be permitted to accomplish, by the *refiling* [in federal court] of its

state court complaint, what would clearly be prohibited if [the plaintiff] tried to *remove*[.]" *AIU*,

843 F.2d at 1261. The Ninth Circuit further instructed that "the policy considerations barring

repetitive lawsuits have particular application when the state court litigation is at an advanced

stage." *Protective Ins. Co.*, 2021 WL 8651845, at *6 (citing *AIU*, 843 F.2d at 1261). Here, Lofall

confirms in his SAC that he filed his case in state court in 2022 and only began attempting to

remove his case to federal court the day before the state court's first trial setting. (*See* SAC at 25-

26, "On November 18, 2022, Plaintiff initiated a civil action in Clackamas County Circuit Court.

. . . [A] jury trial was scheduled for May 21, 2024. On May 20, 2024, Plaintiff filed a Notice of

Removal to this Court, causing the trial to be canceled."; *see also* Mot. Guidance at 10, Lofall

acknowledges he "filed well over a hundred [] motions and engaged in extensive discovery

efforts" in the state case prior to dismissal). After Lofall's attempted removal to federal court

resulted in the cancelation of his state court trial, both his state case and new federal case were

pending for several months until Lofall moved to dismiss the state case in February 2025 upon

the state court's next trial setting. (*See* Mot. Guidance at 7-8; *see also* City Mot. at 3, "On

February 5, 2025, the Clackamas County Circuit Court scheduled a jury trial for August 26,

2025. Eight days later, Plaintiff filed a motion to dismiss his case without prejudice because he wanted to pursue his claims in federal court." (citations omitted).) Allowing Lofall to litigate his claims in state court until the eve of trial and then start over and litigate the same claims against the same defendants in federal court would waste judicial resources and result in prejudice to Defendants by duplicating the costs of defense.[5] *See AIU*, 843 F.2d at 1258 ("In this case, substantive progress has been made in the two-and-a-half years of litigation in state court. The state court judge has decided seven motions and the parties have engaged in substantial discovery.").

For all of these reasons and consistent with Ninth Circuit authority, the Court finds that this is a repetitive lawsuit subject to dismissal and Lofall has failed to demonstrate "compelling reasons" to allow him to circumvent the removal statute and relitigate his state court case in federal court. Accordingly, the Court dismisses this case without prejudice for lack of federal subject matter jurisdiction. *See In re Pac. Enters. Sec. Litig.*, 47 F.3d at 376 ("[A] plaintiff may not file a lawsuit in state court and then file the same lawsuit in federal court. Filing the 'repetitive lawsuit' was an attempt to circumvent the federal removal statute, [Section] 1441, which does not grant a right of removal to plaintiffs." (citing *AIU*, 843 F.2d at 1260-61)); *Jackson Preyor Grp. v. Lima*, No. 5:22-cv-00111, 2022 WL 17730382, at *7 (N.D. Cal. Nov. 10, 2022) (finding that "dismissal is warranted under the Ninth Circuit's decision in *AIU*, as Plaintiff's commencement of the federal action represents an improper attempt to circumvent

_____

[5] Although the Court does not reach the Rule 12(b)(6) arguments in Defendants' motions because it lacks subject matter jurisdiction, the Court notes that another reason not to allow this case to proceed in federal court is that all of the claims in Lofall's SAC are time-barred because more than two years elapsed before he pleaded those claims in this case, the claims do not relate back to his original complaint (*see* Compl., relating only to Lofall's alleged loss of property following a May 2022 arrest), and the various equitable doctrines on which Lofall relies do not apply.

[Section] 1441" when "Plaintiff initiated proceedings in [state court] in July 2020 and voluntarily dismissed its suit more than a year later after receiving at least two adverse rulings . . . [and] [r]oughly four months later, Plaintiff brought suit in this Court"), *aff'd*, 2023 WL 8014351 (9th Cir. Nov. 20, 2023); *Protective Ins. Co.*, 2021 WL 8651845, at *6 ("The cross-complaint filed by [one plaintiff] [in the state case] advances the same causes of action that Plaintiffs advance in this proceeding. It is also based on the same set of facts. Furthermore, the Ninth Circuit has explained that the policy considerations barring repetitive lawsuits have particular application when the state court litigation is at an advanced stage." (citing *AIU*, 843 F.2d at 1261)); *Transplace Int'l, Inc.*, 2015 WL 13285088, at *6 ("This lawsuit is repetitive of the one Plaintiffs filed in state court and stayed [in state court]. Having elected to litigate in state court, Plaintiffs should be 'bound by [their] choice absent compelling reasons to seek relief in another forum.'") (citation omitted); *Puckett*, 2013 WL 4786380, at *3 ("[M]inor distinctions do not preclude a finding that the instant action and the Kansas state court action are parallel proceedings. . . . Therefore, the Court finds that this is a 'repetitive lawsuit'—a parallel action brought by the same plaintiff in a second forum.' As such, Plaintiffs 'should not be permitted to accomplish, by the refiling of its state court complaint, what would clearly be prohibited if [Plaintiffs] tried to remove.'").

///

///

///

///

///

///

PAGE 13 – OPINION AND ORDER

## CONCLUSION

For the reasons stated, the Court GRANTS Defendants' motions to dismiss (ECF Nos.

34, 36, and 37), and DISMISSES this case for lack of federal subject matter jurisdiction. The

Court dismisses the case without prejudice but without further leave to amend.

**IT IS SO ORDERED.**

DATED this 3rd day of September, 2025.

HON. STACIE F. BECKERMAN
United States Magistrate Judge

PAGE 14 – OPINION AND ORDER